WALDEN, Judge.
This is an appeal from an administrative action under Florida Rule of Appellate Procedure 9.030(b)(1)(C).
It requires an interpretation of portions of The Florida Health Care Responsibility Act:
154.302 Legislative intent
It is the intent of the Legislature to place the ultimate financial obligation for the medical treatment of indigents on the county in which the indigent resides, for all those costs not fully reimbursed by other governmental programs or third-party payors.
154.306 Financial responsibility for out-of-county indigent patients treated at a regional referral hospital
Ultimate financial responsibility for treatment received at a regional referral hospital by a certified indigent patient who is a resident of the State of Florida but is not a resident of the county in which the regional referral hospital is located shall be the obligation of the county of which the certified indigent patient is a resident. A county’s financial responsibility for each of its resident certified indigent patients receiving treatment at a regional referral hospital shall be limited to payment for 12 days of services per admission, not to exceed 45 days per annum, at the per diem reimbursement rate currently in effect for the regional referral hospital under the medical assistance program for the needy under Title XIX of the Social Security Act, as amended. However, no county shall be required to pay for services at a regional referral hospital when such services are available at a local hospital in the county where the indigent resides, except that the county where the indigent resides shall, in all instances, be liable for the cost of treatment provided to said certified indigent at a regional referral hospital for any emergency medical condition which will deteriorate from failure to provide such treatment and when such condition is determined by the attending physician to be of an emergency nature.
St. Mary’s Hospital is a regional referral hospital located in Palm Beach County. Three patients are involved. They were certified indigents and residents of Okeechobee County. St. Mary’s Hospital furnished emergency treatment to them. Such care was not available in Okeechobee County. The treatment charges exceed the limitation found in Section 154.306, Florida Statutes (1981).
St. Mary’s contends that it is statutorily entitled to full payment. Okeechobee contends that it is not statutorily required to make full payment, but says it is responsible for a lesser sum according to the limitations in Section 154.306, Florida Statutes (1981).
*1046 In appropriate administrative proceedings, the Board of County Commissioners of Okeechobee County, acting as an administrative agency, determined that Okeechobee was not required to pay the full amount of St. Mary’s charges. It was determined that St. Mary’s could only collect in accordance with the limitations found in Section 154.306, Florida Statutes (1981).
St. Mary’s appeals. We affirm.
We read, re-read, and studied the statutes in light of the able advice of counsel. While not a model of clarity, we find that they are sufficiently clear and reconcilable so as to not require construction or nullification, in whole or part.
As we see it, the legislative intent announced in Section 154.302, Florida Statutes (1981), is basically repeated in the first sentence of Section 154.306, Florida Statutes (1981). It is immediately followed by the limitations in question. Thus we hold that the home county is responsible for all charges with the limitation or cap found in the second sentence of Section 154.306, Florida Statutes (1981), subject further to the exceptions found in the third sentence of Section 154.306, Florida Statutes (1981). The third sentence provides two circumstances. First, the home county will not be responsible for the care of its indigents in a regional hospital if the services rendered were available locally. This is not applicable to the facts of this case since the needed St. Mary’s services were not available in Okeechobee. Second, this exception is qualified if the services rendered are of an emergency nature in which case the home county would be responsible for payment. We further hold that even if the services were available in Okeechobee, St. Mary’s would be entitled to recompense from Okeechobee if the Okeechobee indigents presented an emergency medical condition which would deteriorate if the services were not provided, again subject to the limitations found in the second sentence.
We have not been furnished and we have not found any authority or legislative history dealing with the question at hand. We have, of course, taken notice of the general principles customarily used by courts when an issue is made as concerns the application of a statute and see no need to parrot them.
The wisdom and fairness of legislation is for the legislature and not the courts. Here, we do not know the rationale for limiting payment as the statute provides. If, as contended by St. Mary’s, it is unfair (and we tend to agree), the answer lies with the legislature and not here.
Affirmed.
HERSEY and GLICKSTEIN, JJ., concur.